J-S47022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRIM SOR | : | |
| | : | |
| Appellant | : | No. 608 EDA 2025 |

Appeal from the Judgment of Sentence Entered September 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004610-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRIM SOR | : | |
| | : | |
| Appellant | : | No. 609 EDA 2025 |

Appeal from the Judgment of Sentence Entered September 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004603-2023

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 5, 2026**

Appellant, Krim Sor, appeals from the judgment of sentence entered September 23, 2024, as made final by the denial of his post-sentence motion on January 30, 2025.  We affirm.

On July 6, 2023, Appellant was charged with various offenses related to his sexual abuse of D.S. and K.S., his biological daughters.  On April 15, 2024, following a jury trial, Appellant was convicted of attempted rape of a child,

attempted involuntary deviate sexual intercourse ("IDSI") with a child, rape of a child, IDSI with a child, indecent assault of a person under the age of 13, aggravated indecent assault of a child, two counts of unlawful contact with a minor, corruption of a minor, and endangering the welfare of a child.[1] On September 23, 2024, the trial court sentenced Appellant to 22 to 44 years' incarceration, followed by three years of reporting probation. Appellant filed a post-sentence motion October 2, 2024, which the trial court denied on January 30, 2025. This timely appeal followed.

On appeal, Appellant raises the following issue for our consideration:

> Did the trial court abuse its discretion in failing to appoint a foreign-language interpreter where the [trial court] failed to conduct an adequate inquiry into Appellant's understanding of the English language after [Appellant] expressed deficits in such understanding?

Appellant's Brief at 1.

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinion of the able trial court judge, the Honorable Anthony G. Kyriakakis. We conclude that Appellant is not entitled to relief in this case for the reasons expressed in Judge Kyriakakis's April 28, 2025 opinion.[2]

_____

[1] 18 Pa.C.S.A. §§ 901(a) and 3121(c), 901(a) and 3123(b), 3121(c), 3123(b), 3126(a)(7), 3125(b), 6318(a)(1), 6301(a)(1)(ii), and 4304(a)(1), respectively.

[2] The trial court reasoned that Appellant's claim was waived or, alternatively, devoid of merit. Initially, the court noted that neither Appellant nor trial counsel asked for the services of an interpreter before or during trial. *See* Trial Court Opinion, 4/28/25, at 3-4. In fact, no objection was raised until
*(Footnote Continued Next Page)*

Therefore, we affirm based on Judge Kyriakakis's opinion and adopt it as our own.  In any future filing with this or any other court addressing this ruling, the filing party shall attach copies of Judge Kyriakakis's April 25, 2025 opinion.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2026

---

after Appellant's trial had concluded.  ***Id.*** at 3.  Furthermore, the court observed that Appellant was 57 years old at the time of trial and had lived in the United States for 41 years.  ***Id.*** at 4.  During a pretrial colloquy, Appellant stated he did not need an interpreter and trial counsel confirmed there was no need of such services.  ***See id.*** at 4.  Under these circumstances we perceive no grounds for finding an abuse of discretion.  ***See Commonwealth v. Pana***, 364 A.2d 895, 898 (Pa. 1976) ("The decision to use an interpreter rests in the sound discretion of the trial judge.").